IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:06CV3057 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss (Filing No. 9).  In his motion, the respondent contends that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Jose Rodriguez, is untimely.  However, the respondent has miscalculated the limitations period (probably because the second page of the respondent's three-page brief applies to someone else), and the § 2254 petition is not barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs whether a § 2254 petition is timely.  The AEDPA imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(d) states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the

challenged state-court judgment becomes final, *i.e.*, upon conclusion of direct review or at the end of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A); *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999).

However, 28 U.S.C. § 2244(d)(2) tolls the one-year statute of limitations while a habeas corpus petitioner exhausts any available state post-conviction remedies.  *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001).

In this case, the petitioner was sentenced on September 26, 2002.  Under Nebraska law, an appeal must be filed within thirty days after judgment, and in a criminal case the judgment date is the date on which the defendant is sentenced.  *State v. Spotted Elk*, 420 N.W.2d 707, 711 (Neb. 1988).  *Accord, State v. McCormick*, 518 N.W.2d 133, 136 (Neb. 1994).  The petitioner did not file an appeal.  Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), in the absence of a direct appeal, the petitioner's judgment of conviction became final upon expiration of the time for seeking a direct appeal, *i.e.*, thirty days after the imposition of sentence.  Thus, the petitioner's conviction became final on October 26, 2002, when the deadline expired for filing a direct appeal, and the statute of limitations began to run on October 27, 2002.

The petitioner did not seek collateral review until April 9, 2003, when he filed a post-conviction action in state court. The statute of limitations ran during the interim for 164 days between October 27, 2002, and April 9, 2003, before tolling of the statute began with the petitioner's post-conviction action.

On August 30, 2005, the Nebraska Court of Appeals affirmed the denial of post-conviction relief. The respondent does not state whether the petitioner sought further review in the Nebraska Supreme Court. However, even if he did not, 201 days elapsed between August 31, 2005, the day after the Nebraska Court of Appeals' decision on post-conviction review, and March 20, 2006, when the petitioner filed his § 2254 petition in this Court. The sum of the two periods in which the limitations period ran, *i.e.*, 164 days before post-conviction review and 201 days after post-conviction review, is 365 days, and the petitioner filed his § 2254 petition on time. Accordingly,

IT IS ORDERED:

1) That respondent's motion to dismiss (Filing No. 9) is denied; and

2) That by June 28, 2006, the respondent shall file an answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the

-4-

*Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004;

   3) That by June 28, 2006, the respondent shall also file with the Court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records; if the petitioner lacks any of the designated records or if he believes that additional records should be designated, he may file a motion with the Court;

   4) That all records listed in the respondent's Designation of Relevant State Court Records shall be filed[1] with the Court at the time the Designation of Relevant State Court Records is filed; and

   5) That by July 28, 2006, the petitioner shall file a reply to the respondent's answer.

   DATED this 30th day of May, 2006.

         BY THE COURT:

         /s/ Lyle E. Strom
         _____
         LYLE E. STROM, Senior Judge
         United States District Court

---

[1] The paper state court records may be delivered to the Clerk's Office in a box, rather than filed electronically, if a *sufficiently detailed* Designation of Relevant State Court Records is filed.