IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | 4:06CV3057 |
| ) | |
| v. ) | |
| ) | |
| ROBERT HOUSTON, ) | MEMORANDUM AND ORDER |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on the following motions filed by petitioner: (1) motion to strike (Filing No. 14); (2) motion for sanctions (Filing No. 17); (3) motion for stay (Filing No. 21); and (4) motion to compel (Filing No. 22). Petitioner moves to strike the respondent's motion to dismiss the petition for writ of habeas corpus ("§ 2254 petition") as untimely. However, because the Court has already denied the respondent's motion to dismiss (see Filing No. 12, memorandum and order of May 30, 2006), the petitioner's motion to strike will be denied as moot.

Similarly, the petitioner's motion for sanctions will be denied as moot. The respondent has now acknowledged in his Answer (Filing No. 18) that the § 2254 petition is timely.

The petitioner also moves, pursuant to *Rhines v. Weber*, 125 S.Ct. 1528 (2005), for stay and abeyance of this habeas case until resolution of his second post-conviction action which is presently pending in the Nebraska appellate courts. As the

petitioner notes, after the final state court decision in his first post-conviction action, the petitioner filed a protective § 2254 petition, admittedly a "mixed petition," in this Court to preserve his ability to obtain federal habeas corpus review. He then filed a second post-conviction action in state court to exhaust his remaining unexhausted claim, as the U.S. Supreme Court suggested in *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813 (2005).[1]

      As the Eighth Circuit Court of Appeals clarified in *Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005), in *Rhines v. Weber*, "[t]he Supreme Court has . . . determined that a district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." To determine whether a stay pending exhaustion would

---

[1] See *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813 (2005): "Finally, petitioner challenges the fairness of our interpretation. He claims that a 'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred . . . . A prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted . . . . **A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.**" (Emphasis added; citations omitted.)

be appropriate, a petitioner "must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay [in the state courts]." *Akins v. Kenney*, 410 F.3d. at 456.

Addressing the matters directed by the Eighth Circuit, this Court concludes that a stay is appropriate in this case for a reasonable period to enable the petitioner to complete the state court proceedings necessary to exhaust his remaining unexhausted claim, and then to return to this Court.

### Good Cause

The respondent has not objected to the petitioner's motion for stay and abeyance. As the petitioner's second post-conviction proceeding is presently in the Nebraska appellate court, this case should not have to be stayed for a long period. The record suggests that the petitioner has diligently pursued his available remedies. Recently, the Eighth Circuit, in *Walker v. Norris*, 436 F.3d 1026, 1030-31 (8th Cir. 2006), reiterated the Supreme Court's suggestion in *Pace v. DiGuglielmo* that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Walker v. Norris*, 436 F.3d at 1030-31, *citing Pace v. DiGuglielmo*, 125 S.Ct. at 1813.

<u>Petitioner's Claims</u>

Without a record, it is difficult to determine the adequacy of the petitioner's claims. However, the unexhausted claim is not plainly without merit on its face.

<u>Abusive Tactics or Delay</u>

No instances of abusive litigation tactics or intentional delay by the petitioner have been pointed out to the Court. In light of the foregoing factors,

IT IS ORDERED:

1) This action is stayed so that the petitioner may return to state court to complete exhaustion of his unexhausted claim, followed by a return to this Court, if necessary, to complete this litigation.

2) The petitioner shall file a status report in this case by March 30, 2007, indicating the status of his state court post-conviction proceeding, and the Court may order subsequent status reports while the stay of this matter remains in effect.

3) If the petitioner returns to this Court, he must do so within thirty (30) days of the final judgment or order by the Nebraska Supreme Court in the petitioner's second post-conviction proceeding.

4) Petitioner's Motion to Compel the respondent to produce documents, is denied as moot, without prejudice to reassertion if the petitioner returns to this Court and the stay

of this action is dissolved after completion of exhaustion in the state courts.

     5)  Petitioner's motion to strike the respondent's motion to dismiss is denied as moot;

     6) Petitioner's motion for sanctions is denied as moot;

     7) Petitioner's motion to compel is denied as moot, without prejudice to reassertion if the petitioner returns to this Court and the stay of this action is dissolved after the petitioner's completion of exhaustion in the state courts.

     DATED this 5th day of December, 2006.

                            BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court