IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:06CV3057 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is a petition for writ of habeas corpus. The petition has been signed, and the petitioner has verified under penalty of perjury that the information therein is true and correct. The petitioner was convicted by the District Court of Douglas County, Nebraska on April 18, 2002, and was sentenced to 40 to 50 years in prison (Filing No. 1, petition; Filing No. 18, answer, ¶ 3). His habeas petition raises claims of ineffective assistance of trial and appellate counsel.

The petitioner's complaint was filed on March 20, 2006. The respondent's answer alleged that as to one of the petitioner's claims, his state motion for post-conviction relief was still pending on appeal as of the answer date. The respondent therefore alleged the petitioner had to exhaust available state remedies as to every claim alleged in his habeas petition (Filing No. 18, ¶ B).

The plaintiff filed an unopposed motion to stay this federal habeas proceeding pending exhaustion of his state post-conviction proceedings (Filing No. 21). The petitioner's motion was granted, and this action was stayed to permit the petitioner to return to state court and complete exhaustion of his unexhausted claim (Filing No. 23).

Pursuant to the petitioner's motion, the Court lifted the stay on March 8, 2007. As to the petitioner's reinstated and pending motion to compel the filing of additional state court records, the Court ordered the respondent to either file the Bill of Exceptions of the trial held on April 16-18, 2002, and of the sentencing hearing held on September 26, 2002, within sixty days, or file an objection to filing these documents within thirty days (Filing No. 25). No objection was filed. The additional court records were not filed within sixty days.

On June 18, 2007, the petitioner filed a motion for order to show cause and requested the Court to enter an order directing the respondent to comply with the Court's prior order (Filing No. 26). The respondent filed a response stating:

> The undersigned has repeatedly requested the original bill of from Douglas County District Court. Apparently it has finally arrived, after a fashion. We are informed that the Clerk of the Nebraska Supreme Court has received the record instead of this office, and once the record is here, we will abide by the court's directive in

-2-

> this case that we provide a copy of that record to the petitioner. However, since it is the plaintiff's responsibility to provide the requisite information to the district court in every case, civil or criminal, we do not anticipate unobjected accession to similar orders in the future.
>
> We anticipate sending the record to this court and to the petitioner no later than Wednesday, June 27, 2007.

Filing No. 27.

On June 29, 2007, the respondent filed a "Response to Motion to Show Cause" by filing the Bill of Exceptions for the state post-conviction proceedings held on November 3, 2004 (Filing No. 28). The Bill of Exceptions for the petitioner's trial and sentencing held in 2002 have not been filed.

The petitioner has filed a motion to compel (Filing No. 30). He asserts that this Court cannot address and adjudicate petitioner's ineffective assistance of trial counsel claims without the benefit of a record of the trial. He requests an order directing the respondent and the County of Douglas, State of Nebraska, to prepare and file a certified copy of the bill of exceptions of his trial and sentencing in *State v. Rodriguez*, Douglas County District Court Case, Docket 154, page 618. The respondent has not responded to the motion to compel.

Upon review of the Bill of Exceptions for the state post-conviction proceedings, it is evident that petitioner's

-3-

underlying conviction and sentence were not appealed, and the Bill of Exceptions for the trial and sentencing proceedings were not offered into evidence during the November 2004 state post-conviction hearing.  Thus, it is unclear whether a Bill of Exceptions of the petitioner's 2002 trial and sentencing exists or can be obtained at this time.

IT IS ORDERED:

1.  The petitioner's motion to show cause (Filing No. 26) is granted.

2.  On or before October 15, 2007, the respondent shall either file the Bill of Exceptions of the trial held on April 16-18, 2002, and of the sentencing hearing held on September 26, 2002, or file a statement explaining why these documents cannot be filed.

3.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 15, 2007–deadline for responding to the court's show cause order.

DATED this 4th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court