IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE RODRIGUEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT HOUSTON, )<br>)<br>Respondent. )<br>_____) | 4:06CV3057<br><br>MEMORANDUM OPINION |

## I.     INTRODUCTION

The petitioner, Jose Rodriguez, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Filing No. 1). The respondent has filed an answer (Filing No. 18), and state court records (Filing No. 19).

The petitioner moved to compel the respondent to file the Bill of Exceptions for the petitioner's underlying trial held on April 16-18, 2002, and his sentencing hearing held on September 26, 2002, in *State v. Rodriguez*, Douglas County District Court Case, Docket 154, page 618 (Filing No. 30). He claims this Court cannot address and adjudicate the petitioner's habeas claims without the benefit of these additional records. The Court entered an order requiring the respondent to either file the requested Bill of Exceptions for petitioner's trial and sentencing, or a statement explaining why these documents cannot be filed (Filing No. 31).

The respondent has filed a statement explaining that, since the petitioner did not file a direct appeal of his criminal case or a praecipe for a bill of exceptions, "there does not exist any transcribed bill of exceptions for Rodriguez' trial in Douglas County district court, and thus there is nothing which can be filed." (Filing No. 32, p. 1). The respondent's statement is supported by the affidavit of the official court reporter for the petitioner's criminal trial.

Based on the respondent's statement, the Court concludes that petitioner's motion to compel should be denied. The respondent cannot be compelled to produce documents that have never existed. For the reasons discussed hereafter, the Court also finds that the 2002 trial and sentencing Bill of Exceptions is not relevant and need not be reviewed by the Court to fully and adequately address the petitioner's habeas claims.

The Court finds that petitioner's petition for writ of habeas corpus should be dismissed.

## II.    BACKGROUND

The petitioner was charged with First Degree Sexual Assault (a class II felony), False Imprisonment in the First Degree (a class IIIA felony), First Degree Sexual Assault (a class II felony), and False Imprisonment in the First Degree (a class IIIA felony) (Filing No. 19, att. 2, pp. 6-11). A jury trial was held in the District Court of Buffalo County, Nebraska,

and on April 18, 2002, the jury returned a unanimous verdict of guilty on all four counts (Filing No. 19, att. 2, p. 24). The petitioner was sentenced on September 26, 2002 (Filing No. 19, att. 2, pp. 31-32). The petitioner was represented by attorney Leslie Cavanaugh during his trial and sentencing. The judgment of conviction was not appealed.

On April 3, 2003, the petitioner filed a motion for post-conviction relief in the District Court of Douglas County, Nebraska (Filing No. 19, att. 2, p. 35-52). The petitioner alleged his conviction and sentence were void or voidable under the United States and Nebraska constitutions. Specifically, he claimed he was denied effective assistance of appellate counsel in that his counsel advised him to waive his right to appeal, failed to file a direct appeal on petitioner's behalf, and failed to advise the petitioner that by failing to file an appeal, he was also waiving his right to post-conviction relief. The petitioner claimed that any waiver of his right to direct appeal was not knowingly, intelligently, and voluntarily given, and was induced by the deceptive and misleading statements of his trial counsel and the Douglas County Public Defender's Office.[1] (Filing No. 19, att. 2, p. 36-44). The petitioner further claimed he was

---

[1] The petitioner was incarcerated in the Douglas County Corrections Center for a period of time after his conviction.

denied effective assistance of counsel during pretrial and trial proceedings (Filing No. 19, att. 2, p. 44-51).

On November 3, 2004, an evidentiary hearing was held on petitioner's state motion for post-conviction relief. The defendant testified and was represented by counsel during and in preparation for that hearing (Filing No. 19, att. 2, p. 54). The Court concluded the petitioner's claims lacked merit. The state court filed a detailed opinion outlining her factual findings and legal reasoning. Based on the evidence adduced at the hearing, the court found:

--  Twelve hours after the trial, the petitioner left a voice mail for his counsel thanking her for the wonderful job she did at trial, and stating twice that he did not want to file an appeal because he was guilty and the jury's decision was correct.[2]

--  Upon receiving this voice mail, petitioner's counsel went to the jail and spoke to the petitioner. She warned him not to openly admit his guilt because, should he decide to pursue an appeal, others could later testify against him. The petitioner responded adamantly that he wanted to come clean and apologize to the victims, and he did not care about the consequences to his appeal. At his sentencing, the petitioner openly admitted his guilt and handed out letters of apology to his victims.

--  After the petitioner received his sentence, he wanted to file an appeal. His counsel explained that his open confession at the sentencing hearing could lead to additional charges if he was re-tried. The petitioner changed his mind and informed his counsel not to pursue an appeal. Petitioner's counsel informed the

---

[2] The transcript of this voice mail message was offered and received at the evidentiary hearing. See Filing No. 19, att. 1, pp. 44-46.

-4-

      petitioner that counsel would have a written waiver of appeal form delivered to the petitioner at the Douglas County Correctional Center.

--  Petitioner's counsel, acting through a member of the Douglas County Public Defender's Officer, delivered a written waiver of appeal form to the petitioner. The petitioner signed the form, which stated:

      This is to acknowledge that I have been informed of my right to appeal, and have been given advice by my attorney, Leslie Cavanaugh, regarding the possible consequences of an appeal and, if successful on appeal, the possible consequences at a new trial. I understand that the decision to file an appeal is mine and mine alone, and that I have made my decision after receiving advice from my attorney and after careful consideration. I acknowledge that the deadline for filing an appeal in my case is October 25, that is, all paperwork for an appeal must be signed and filed by October 25, 2002.

      After careful consideration, it is my decision that I do not wish to appeal my conviction or sentence in the case of State of Nebraska v. Jose E. Rodriguez, Doc. 154 No. 618. I agree that the decision is mine alone to make, and I acknowledge that I make my decision freely, knowingly, voluntarily and intelligently.[3]

--  The petitioner did not request or retain new counsel after signing the waiver form.

Filing No. 19, att. 2, p. 54-56. These findings were fully supported by the testimonial and documentary evidence offered at the evidentiary hearing. See Filing No. 19, att. 1, pp. 28-38, 43.

---

[3] A copy of this letter, dated October 8, 2002, was offered and received at the evidentiary hearing. See Filing No. 19, att. 1, p. 43.

Based on this evidence, and relying on *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002), and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the state court held:

> [Petitioner] specifically told trial counsel he did not want to appeal. "Where a defendant has instructed trial counsel not to appeal, such a defendant 'plainly cannot later complain that, by following his instructions, his counsel performed deficiently.'" *Curtright*, 262 Neb. at 983, 637 N.W.2d at 605 (quoting *Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. at 1035).

The Court finds that defendant's written waiver, taken together with the evidence of defendant's verbal instruction not to file an appeal, demonstrates that defendant was aware of his right to appeal and knowingly and voluntarily directed trial counsel not to appeal. Thus, defendant is not now entitled to complain that trial counsel acted deficiently by following his instructions. Because defendant has failed to show by a preponderance of the evidence that defendant was denied his or her right to appeal due to the negligence or incompetence of counsel, defendant's Motion for Postconviction Relief must be denied (Filing No. 19, att. 2, pp. 61-62).

The petitioner's post-conviction counsel appealed the district court's ruling (Filing No. 19, att. 2, p. 1). Though couched as arguments of law, the petitioner's appellate brief asserted, in essence, that the district court's findings of fact

were incorrect (Filing No. 19, att. 4). The state filed a motion for summary affirmance with supporting brief (Filing No. 19, att. 5). The motion for summary affirmance was sustained by the Nebraska Court of Appeals without decision (Filing No. 19, att. 6). The petitioner's petition for further review by the Nebraska Supreme Court was overruled without opinion on October 19, 2005 (Filing No. 19, att. 7 & 8).

The petitioner's claim of ineffective assistance of trial counsel was not raised in either his post-conviction appellate brief filed with the Nebraska Court of Appeals, or his memorandum of law in support of his petition for further review by the Nebraska Supreme Court.

The petitioner filed his petition for writ of habeas corpus in this court on March 20, 2006 (Filing No. 1). The petition was filed while a second motion for post-conviction relief was still pending in the state courts. See Filing No. 19, att. 9. Upon petitioner's request, this federal habeas case was stayed. See Filing Nos. 21 & 23. The petitioner thereafter notified the Court that on January 24, 2007, the Nebraska Supreme Court had summarily affirmed denial of petitioner's second motion for state post-conviction relief (Filing No. 24). The Court's stay in this case was lifted on March 8, 2007 (Filing No. 25).

### III.     SUMMARY OF CLAIMS

Liberally construing the allegations of his § 2254 petition (*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), the petitioner claims:

Claim One:     The petitioner was denied effective assistance of trial counsel in violation of his Sixth Amendment rights in that: (1) counsel failed to inform the petitioner of the results of rape kit testing; (2) failed to have DNA testing done on the rape kit evidence; (3) refused to allow the petitioner to review police reports; (4) failed to move for separate trials as to each alleged victim; (5) failed to introduce available impeachment evidence; (6) failed to adequately investigate the case before trial; and (7) failed to file a motion to suppress petitioner's statements following arrest.

Claim Two:     The petitioner was denied effective assistance of appellate counsel in that no direct appeal of his conviction and sentence was filed, and due to the misleading and deceptive conduct of the Douglas County Public Defender's Office, he did not knowingly, voluntarily, and intelligently waive his right to file a direct appeal.

### IV.     ANALYSIS

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and quotation marks omitted). In order to provide the state with the necessary

-8-

opportunity to render a decision of the petitioner's federal claims, the "prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29.

1. <u>Claim One</u>.

Claim One alleges the petitioner's counsel provided constitutionally ineffective assistance at trial. Although this claim was raised in the petitioner's motion for post-conviction relief filed in the state district court, it was not litigated or argued at the evidentiary hearing on the motion, and it was not raised to either of the Nebraska appellate courts reviewing the denial of the district court's adverse determination. The petitioner is therefore procedurally defaulted from raising this claim for federal habeas relief. *Flieger v. Delo*, 16 F.3d 878 (8th Cir. 1994)(holding specific claims of ineffective assistance of counsel that were not raised on appeal in state court were procedurally barred).

A petitioner's procedural default may be excused if he shows "cause and prejudice" for the default or, alternatively, actual innocence. *See Collier v. Norris*, 485 F.3d 415, 425 (8th Cir. 2007); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991) (*citing Murray v. Carrier*, 477 U.S. 478 (1986)). The petitioner has not raised an actual innocence argument.

However, liberally construed, the petitioner states that his ineffective assistance of trial counsel claim was not appealed in the state post-conviction proceedings due to the ineffective assistance of his state post-conviction counsel (Filing No. 1, p. 15).

A cause is sufficient to excuse procedural default only when it is external to the petitioner.  The error of an attorney can be imputed to the state, and is therefore considered an external factor, <u>only</u> if the petitioner had a constitutional right to counsel.  *Coleman v. Thompson*, 501 U.S. 722, 754 (1991).  *Coleman* held:

> Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails. A different allocation of costs is appropriate in those circumstances where the State has no responsibility to ensure that the petitioner was represented by competent counsel.  As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules.  In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation.

*Coleman*, 501 U.S. at 754.

-10-

The alleged ineffective assistance of state post-conviction counsel cannot excuse a habeas petitioner's failure to exhaust available state review of his post-conviction claims. As explained in *Coleman*:

> There is no constitutional right to an attorney in state post-conviction proceedings. . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. . . . Coleman contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective; therefore Coleman must "bear the risk of attorney error that results in a procedural default."

*Coleman*, 501 U.S. at 752-53.  Applying *Coleman*, the Eighth Circuit has held that even when counsel is appointed for the petitioner pursuant to a state statutory right to effective assistance of counsel in state post-conviction proceedings, the alleged ineffectiveness of post-conviction counsel cannot excuse the petitioner's default in failing to appeal his claims for post-conviction relief.  Hagen v. Iowa, 141 Fed. Appx. 496, 497 (8th Cir. 2005).

Accordingly, the petitioner's claim of ineffective assistance of trial counsel was procedurally defaulted by his failure to raise this issue on appeal of his state post-conviction proceedings.  The alleged ineffective assistance of

his state post-conviction counsel in failing to appeal the issue is not a "cause" sufficient to excuse the procedural default. Petitioner's ineffective assistance of trial counsel claim, Claim One, must be dismissed as procedurally barred.[4]

   2.   Claim Two

The petitioner had a constitutional right to effective assistance of counsel on the direct appeal of his criminal conviction. The Due Process Clause of the Fourteenth Amendment guarantees effective assistance of counsel on the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

The petitioner claims he was denied effective assistance of counsel on appeal because his attorney failed to file a notice of appeal. "[A] a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" in violation of the Sixth Amendment. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477.

---

[4] Accordingly, since the court cannot review whether petitioner's trial counsel provided ineffective assistance during the trial and sentencing, the Bill of Exceptions for the trial and sentencing is not relevant to the court's determination of petitioner's request for federal habeas relief.

The petitioner raised his claim of ineffective assistance of appellate counsel in his state post-conviction motion, appealed the district court's adverse ruling to the Nebraska Court of Appeals, and requested further review by Nebraska Supreme Court. No further state court avenues for relief are available. Accordingly, the petitioner has exhausted his state court remedies on Claim Two, and the matter is now properly before this court on federal habeas review.

The petitioner claims he specifically instructed his trial counsel to file an appeal. This statement was directly contradicted by his trial counsel. Accordingly, the Nebraska district court judge held an evidentiary hearing on petitioner's motion for post-conviction relief. The petitioner testified at the hearing, and the testimony of his trial counsel was received by deposition. The petitioner was represented by counsel at the hearing, and his post-conviction counsel was present and cross-examined petitioner's trial counsel at the time of her deposition. Based on the facts presented, as fully supported by the hearing transcript, the district judge concluded the petitioner's claim was not credible. Specifically, the court found that the petitioner had expressly requested that no appeal be filed which, under the law set forth in *Flores-Ortega*, 528 U.S. at 477, defeated any claim of ineffective assistance of appellate counsel for failure to file an appeal.

-13-

When a claim has been adjudicated on the merits in state court, habeas relief is not warranted unless the state court proceeding: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Chavez v. Weber*, 497 F.3d 796, 801 (8th Cir. 2007). When considering the state court's denial of post-conviction remedies, the federal court reviews the state court's factual findings for clear error and its conclusions of law de novo. *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006). "A state court unreasonably applies clearly established federal law when it 'identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Chavez*, 497 F.3d at 801 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). As to the state court's findings of fact, federal habeas courts "bestow a presumption of correctness on the factual findings of the state courts," and absent procedural error, such findings can be set aside "only if they are not fairly supported by the record." *Middleton*, 455 F.3d at 845.

The record of the state evidentiary hearing clearly supports the state court's finding that the petitioner "was aware his right to appeal and knowingly and voluntarily directed trial counsel not to appeal." Filing No. 19, att. 2, pp. 61-62. Correctly applying these facts to the law set forth in *Flores-Ortega*, *supra,* the Court held that since the petitioner had explicitly told his attorney not to file an appeal, he was not entitled to post-conviction relief based on his counsel's failure to file an appeal. The state court's decision was a reasonable application of the law set forth in *Flores-Ortega* to the court's findings of fact supported by the state court record. The petitioner's claim of ineffective assistance of appellate counsel, Claim Two, should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court